UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marilyn Standford and Kenneth Stanford,

    Plaintiffs,

v.                                                                              Case No. 12-10113

Oakland County Treasurer's Office,                    Honorable Sean F. Cox

    Defendant.
_____/

**OPINION & ORDER
DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND,
GRANTING DEFENDANT'S MOTION TO DISMISS IN PART,
AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER
REMAINING STATE-LAW CLAIM**

Acting *pro se*, Plaintiffs Marilyn and Kenneth Stanford[1] sued the Oakland County Treasurer's Office, asserting a claim under the Federal Freedom of Information Act ("FOIA") and a § 1983 claim based on alleged defects in a state court tax foreclosure of their property. After the Oakland County Treasurer's Office filed a Motion to Dismiss, Plaintiffs filed a Motion for Leave to File First Amended Complaint. Plaintiffs' proposed amended complaint would substitute Oakland County Treasurer Andy Meisner for the Treasurer's Office and would base its FOIA claim on the Michigan statute instead of the federal version. Defendant opposes the Motion for Leave to Amend, arguing that amendment is futile because the proposed amended complaint still fails to state a claim. For the reasons set forth below, the Court concludes that the

---

[1]The caption of Plaintiffs' original complaint, and their proposed amended complaint, spells Marilyn's last name as Standford and Kenneth's last name as Stanford. But other submissions indicate that Marilyn's last name is spelled Stanford and she signed the complaint as Marilyn Stanford.

1

only federal claim asserted in either Plaintiffs' original complaint or their proposed amended complaint, Plaintiffs' § 1983 claim, is barred by the Tax Injunction Act and should be dismissed. Given that the Court is dismissing the sole federal claim, this Court shall decline to exercise supplemental jurisdiction over the remaining state law FOIA claim.

## BACKGROUND

Acting *pro se*, Plaintiff Marilyn Stanford filed this action on January 10, 2012, purportedly[2] on behalf of both herself and her husband, Kenneth Stanford.  Plaintiffs are proceeding *in forma pauperis* in this action. Their original complaint asserts two counts against Defendant Oakland County Treasurer's Office: 1) "Violation of FOIA" (Count I); and 2) "Violations of 42 USC § 1983" (Count II).

On March 22, 2012, Defendant filed a Motion to Dismiss (Docket Entry No. 6), asserting that Plaintiffs' complaint should be dismissed because: 1) the Oakland County Treasurer's Office is not a legal entity that is subject to suit; 2) Plaintiffs' claim for violation of the Federal Freedom of Information Act fails to state a claim because the act only applies to federal agencies; and 3) Plaintiffs' § 1983 count fails to state a claim because it is barred by principles of res judicata and the Tax Injunction Act.

In response to Defendant's Motion to Dismiss, on April 18, 2012, both Marilyn and Kenneth Stanford filed a Motion for Leave to File First Amended Complaint. (Docket Entry No. 9). Their proposed Amended Complaint would: 1) replace the sole Defendant in the original complaint, Oakland County Treasurer's Office, with Oakland County Treasurer Andy Meisner as

---

[2] The complaint is signed only by Marilyn Stanford, and indicates it is "prepared and submitted by" Marilyn Stanford.. No *pro se* plaintiff may sign pleadings on behalf of another plaintiff. *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002).

the sole Defendant; 2) change Count I so that it asserts a claim for violating Michigan's FOIA; and 3) assert a § 1983 claim against Meisner.  Plaintiffs' proposed complaint requests the following relief:

> Wherefore Plaintiffs requests [sic] this Court to determine that Plaintiff is owed an award in the amount of $2,000,000.00 for deprivation of rights in violation of 42 U.S.C. § 1983 and actual damages as a result of Andy Meisner [sic] failure to comply with Michigan's Freedom of Information Act Public Act No. 442 of 1976, as amended.

(Pls.' proposed Am. Compl. at 18).

Defendant filed a Response Brief opposing Plaintiffs' Motion to Amend on May 2, 2012. (Docket Entry No. 10).  Defendant contends that the motion should be denied because the proposed amended complaint still fails to state a claim upon which relief can be granted and it is therefore futile.

**Standard of Decision**

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended complaints and provides that, at this stage of the litigation, Plaintiff may amend its complaint only with the opposing party's written consent or this Court's leave.  FED. R. CIV. P. 15(a).  The rule further provides that the "Court should freely give leave where justice so requires."  (*Id*.).  Defendant opposes Plaintiffs' motion so Plaintiffs must obtain leave of this Court in order to amend their complaint.

The decision as to whether justice requires the amendment is committed to the district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971).  A district court may deny leave to amend a complaint if the Court finds that the proposed amendment would be futile. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th

3

Cir. 2003). The Court should consider motions to dismiss in light of proposed amendments to the complaint and determine whether the deficiencies in the complaint would have been cured by the proposed amendments. *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000).

## ANALYSIS

This action is in federal court based on federal question jurisdiction. As such, the Court shall consider the federal claim (Count II) first.

**Plaintiffs' § 1983 Claim (Count II)**

Defendant asserts that Plaintiffs' proposed § 1983 count asserting a claim against Oakland County Treasurer Andy Meisner fails to state a claim because the proposed amended complaint: 1) fails to state a § 1983 claim against Meisner in his individual capacity; 2) fails to state a § 1983 claim against Meisner in his official capacity; and 3) fails to state a § 1983 claim because Plaintiffs' claims are barred by both the doctrine of res judicata and the Tax Injunction Act.

The Court agrees that Count II is barred by the Tax Injunction Act.[3] Under the Tax Injunction Act ("TIA"), "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "The TIA reflects 'the fundamental principle of comity between federal courts and state governments.'" *Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987 F.2d 376, 378 (6th Cir. 1993) (quoting *Fair Assessment In Real Estate Ass'n v. McNary*, 454 U.S. 100, 103 (1981)). "This exclusion of federal courts from the state taxation

---

[3]Given this conclusion, the Court need not any address any of the additional grounds for dismissing Count II.

area is so far reaching it precludes federal courts from declaring state tax laws unconstitutional." *Thiokol Corp.*, 987 F.2d at 378. "Although the TIA mentions only injunctions, its policy of comity bars declaratory judgment and 42 U.S.C. § 1983 damage actions as well." *Id.*

As explained by the district court in *Anderson v. County of Wayne*, 2011 WL * 72470467 (E.D. Mich. 2011):

> The Sixth Circuit has held that the TIA bars claims challenging the manner in which tax foreclosures are carried out. *See, e.g., Dixon v. Oisten*, 62 F. App'x 105, 105 (6th Cir. 2003); *Johnson v. Mich. Dep't. of Treasury*, No. 99-1730, 2000 WL 571916, at *2 (6th Cir. May 4, 2000). In *Dixon,* the plaintiff was a Michigan state prisoner and pro se litigant who brought a plethora of claims against several state officials and entities. 62 F. App'x at 105. One of his claims was for the taking of his real property via a tax foreclosure without due process. *Id.* In affirming the lower court's decision to dismiss the plaintiff's complaint, the Sixth Circuit held that "[t]he district court also properly noted that Dixon's challenge to the tax foreclosure on his real property was barred by the Tax Injunction Act." *Id.*
> Similarly, in *Johnson,* the plaintiff alleged that he was denied due process because he did not receive notice of the tax foreclosure on his home. 2000 WL 571916, at *1. Although the court held that Johnson was not denied due process because he failed to record his deed to the property, the Sixth Circuit also noted that the Tax Injunction Act prohibited the district court from interfering with the State of Michigan's attempts to assess, levy, or collect taxes if a remedy was available under Michigan law. *Id.* It then noted, "Johnson had a remedy under state law in the form of redemption, of which he failed to take advantage. He could also have sought relief in the state courts, but did not." *Id.*, at *2.

The plaintiffs in *Anderson* also raised several claims alleging that the procedures by which the State of Michigan foreclosed on their homes was unfair or unconstitutional. For example, they claimed they did not receive notice of the sale. *Id.* at *7. The district court dismissed the action, explaining that, as in *Dixon* and *Johnson,* the TIA prohibits the federal courts from interfering with state tax disputes unless there is no remedy available under state law. *Id.* "Like the plaintiff in Johnson, Plaintiffs in the instant case had several options. They could have (1) paid their delinquent taxes; (2) participated in the public auctions; or (3) challenged the foreclosure

5

ruling in state court." *Id*. "Because such remedies were available under Michigan state law, the TIA bars Plaintiffs' attempt to bring this action in federal court." *Id.*

Similarly, the plaintiffs in *Nassar*, also brought suit in federal court, alleging purported unfairness and defects in state court tax foreclosure proceedings. *Nassar v. Smith*, 2012 WL 313985 (E.D. Mich. 2012). The district court dismissed the complaint because the TIA precludes it "from entertaining Plaintiff's various claims arising from alleged unfairness and defects in the state court tax foreclosure proceedings." *Id.* at * 2.

Here, like the plaintiffs in the above cases, Plaintiffs' § 1983 claim alleges various defects in the state court tax foreclosure proceedings. But, like the situation in the above cases, Plaintiffs were not without a remedy under state law. Their § 1983 claim is therefore barred by the TIA. The Court shall dismiss Count II.

**Plaintiffs' Remaining State-Law Claim (Count I)**

Count II is the sole basis for this Court's exercise of federal jurisdiction over this action. It has only supplemental jurisdiction over Count I, which asserts a state-law claim. The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

> 1) the claim raises a novel or complex issue of State law;
> 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> *3) the district court has dismissed all claims over which it has original jurisdiction, or*
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added).

Moreover, the Sixth Circuit has noted that "a federal court that has dismissed a plaintiff's

federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

Having dismissed Plaintiffs' only federal claim at an early stage of the litigation, this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claim.

CONCLUSION AND ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint is DENIED AS FUTILE.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss is GRANTED IN PART and the Court shall DISMISS WITH PREJUDICE Plaintiffs' § 1983 claims asserted in Count II.

IT IS FURTHER ORDERED that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal in this action would not be taken in good faith.

IT IS FURTHER ORDERED that, having dismissed Plaintiffs' only federal claim, the Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiffs' remaining state-law claim and therefore DISMISSES Count I.

IT IS SO ORDERED.

Dated:  July 20, 2012                           S/ Sean F. Cox
                                                Sean F. Cox
                                                U. S. District Court Judge


I hereby certify that on July 20, 2012, the foregoing document was served upon counsel of record by electronic means and upon Marilyn Standford and Kenneth Stanford by First Class Mail at the

address below:

Marilyn Standford and Kenneth Stanford
24065 Rockingham
Southfield, MI 48033


Dated:  July 20, 2012                                          S/ J. Hernandez
                                                               Case Manager